PER CURIAM:
Claimants brought this action for vehicle damage which occurred when their 2005 Chevrolet Malibu struck a hole while claimant, Katherine Virginia Lambert, was driving on Maple Acres Road, referred to as Route 19/33, in Mercer County. Maple Acres Road is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at approximately 10:00 a.m. on December 10, 2007. Maple Acres Road is a two-lane, paved road with a speed limit of thirty-five miles per hour. At the time of the incident, Ms. Lambert was taking her daughter to the doctor and was traveling from Glenwood to Bluefield. She was driving near Elks Golf Course at approximately thirty-five miles per hour when she noticed a vehicle traveling towards her that had crossed the yellow center line in the road. As claimant maneuvered her vehicle closer to the white edge line to avoid the vehicle, claimants’ vehicle struck a hole on the white edge line that was approximately seven inches long. The photographs demonstrate that the white edge line had eroded in this area. Although Ms. Lambert travels on this road often, she was unable to avoid the hole due to the vehicle traveling towards her. As a result of this incident, claimants’ vehicle sustained damage to its front passenger tire and rim in the amount of $326.14. Claimants’ insurance deductible at the time of the incident was $500.00.
The position of respondent is that it did not have actual or constructive notice of the condition on Maple Acres Road. Richard Delp, Highway Administrator II for respondent in Mercer County, testified that respondent received a call regarding the condition of the shoulder of this road prior to October of2007. Respondent placed gravel in this area because the hole was not located on the roadway surface. Mr. Delp testified that the hole had not eroded onto the roadway prior to October of 2007. Michael McMillion, Transportation Crew Supervisor for respondent in Mercer County, testified that he is familiar with the location of the hole on Maple Acres Road. Mr. McMillion stated that respondent did not receive any complaints regarding the condition of the road from October of2007 to the time of this incident in December of 2007.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman v. Dep’t. of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had, at the least, constructive notice of the hole which claimants ’ vehicle struck and that the hole presented a hazard to the traveling public. The size of the hole and the time of year in which this incident occurred leads the Court to conclude that respondent had notice of this hazardous condition. Thus, the Court finds respondent negligent and claimants may make a recovery for the damage to their vehicle.
*149 In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimants in the amount of $326.14.
Award of $326.14.